**FIRST NATIONAL BANK OF CICERO, Plaintiff,**

**v.**

**REINHART VERTRIEB'S AG, etc., Defendant.**

**No. 84 C 10342.**

United States District Court, N.D. Illinois, E.D.

Oct. 15, 1986.

Narcisse A. Brown, Steven M. Bazer, Robert Dunn Glick, Schwartz, Cooper, Kolb & Gaynor Chtd., Chicago, Ill., for plaintiff.

Carson E. Veach, Peter C. Woodford, Seyfarth, Shaw, Fairweather & Shaw, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

DECKER, District Judge.

Plaintiff, First National Bank of Cicero, brought this action against defendant, Reinhart Vertrieb's AG, alleging conversion, interference with contract and business relations, and conspiracy. Plaintiff has filed a motion for an order to compel defendant to answer interrogatories served on defendant on September 27, 1985, and to comply with a document request made on January 6, 1986. The defendant, a Swiss citizen, has attempted to excuse its admitted failure to comply with these requests by claiming compliance would violate Swiss criminal law. In order to avoid this violation, defendant has filed for a protective order pursuant to Fed.R.Civ.P. 26(c). Defendant suggests that plaintiff could secure the same information sought by the discovery request by means of letters rogatory.

### I. *Discussion*

The Swiss law question has been fully briefed by the parties. The Seventh Circuit has not expressly addressed this issue, although three courts of this district have done so and reached divergent conclusions. *See Graco v. Kremlin, Inc.*, 101 F.R.D. 503 (N.D.Ill.1984) (ordered most interrogatories

answered despite French blocking law); *Schroeder v. Lufthansa German Airlines,* No. 83 C 1928 (N.D.Ill. Sept. 15, 1983) (deferred to German law ordering use of letters rogatory); *In re Uranium Antitrust Litigation,* 480 F.Supp. 1138, 1148 (N.D.Ill.1979) (compelled production of documents within parties' control).

■ In general, if compliance with a discovery request could subject a party to penalties under foreign law, a court may invoke principles of international comity[1] and restrict discovery to methods acceptable under foreign law. A court, however, is not obligated to conform to foreign limitations. Rather, to determine whether comity should be given, the competing interests involved must be balanced. A variety of tests have been offered. *See e.g.,* Restatement (Second) of Foreign Relations Law of the United States § 40 (1965); *In re Uranium Antitrust Litigation,* 480 F.Supp. at 1148. In essence, however, the court must consider the nature of the national interests at stake, as well as the interests of the parties.

■ Defendant contends the United States has a limited interest because the underlying dispute does not involve a legal question of pressing national significance. Nonetheless, the United States has a vital interest in the integrity of its judicial system. An open discovery process maintains this integrity by ensuring the judiciary has the full evidentiary picture before resolving a dispute. *E.g. Compagnie Francaise D'Assurance v. Phillips Petroleum Company,* 105 F.R.D. 16, 30 (S.D.N.Y.1984). Moreover, interrogatories and document requests are a necessary, if not routine, facet of civil litigation. Thus, solicitude for foreign procedures here would be a particularly significant intrusion upon American sovereignty. In addition, the defendant has conducted business in the United States. The United States clearly retains a substantial interest in regulating the economy and ensuring private commercial disputes are fairly, yet expeditiously resolved.

Switzerland has an interest in maintaining the integrity of its criminal code. Yet, the systemic intrusion posed by plaintiff's discovery request is limited. Plaintiff propounded a series of interrogatories and document requests. Plaintiff did not request intrusive inspections of defendant's premises, or depositions and interviews in Switzerland. *See In re Anschuetz and Co., GmbH,* 754 F.2d 602, 608 (5th Cir. 1985). Moreover, although defendant would presumably compile the documents in Switzerland, the actual discovery process could be performed outside Swiss territory. Any intrusion on Swiss sovereignty will thereby be restricted. *See Graco,* 101 F.R.D. at 521.

■ Defendant contends the discovery requests impose undue hardship because compliance may subject it to criminal penalties. Yet, a fear of criminal prosecution does not necessarily excuse non-production. *See Societe Internationale v. Rogers,* 357 U.S. 197, 205, 78 S.Ct. 1087, 1092, 2 L.Ed.2d 1255 (1958). Indeed, defendant has not presented any evidence the Swiss code will be enforced in this case. *See Graco,* 101 F.R.D. at 514. Moreover, in the intervening year, defendant apparently has made no effort to secure permission to make the information available. *See Societe Internationale,* 357 U.S. at 205, 78 S.Ct. at 1092. Plaintiff, meanwhile, has outstanding discovery requests focusing on the question at issue—defendant's relationship with Pipesavers, Inc. Requiring discovery to be processed though foreign authorities would only add a costly and burdensome step to plaintiff's attempt to resolve its grievances.

Finally, defendant alleges the use of letters rogatory will provide plaintiff with any information it might need to discover the veracity of its claims. It is, of course, impossible to know if this would indeed be the case. However, to have a third party

---

1. The role of the Hague Convention has also been raised. Switzerland, however, has not signed the convention. Any deference to the convention's provisions would invoke the same comity analysis.

sift through the documents usurps plaintiff's right to analyze all the evidence and fully establish the scope of his allegations. Moreover, it would be unfair to require plaintiff to use a restricted discovery process while defendant takes full advantage of the liberal discovery provisions of the Federal Rules. Defendant has not presented sufficient hardship to justify this inequity.[2]

## II. *Conclusion*

Plaintiff has been delayed long enough and is entitled to secure full compliance with all pending discovery requests within 45 days from this date. Defendant's motion for a protective order is denied. Plaintiff's request for sanctions is taken under advisement until compliance with this order has been effected.

Robert M. Lipschutz, Philadelphia, Pa., for Russo.

Hope A. Comisky, Philadelphia, Pa., for Prudential Ins. Co. of America.

---

**2.** Moreover, plaintiff may be dissatisfied with the documents produced through letters rogatory. Plaintiff's objections would force this court to sit in judgment of a Swiss official's execution of the letters. Such "review" would not only be time consuming, but would be a greater affront to Swiss sovereignty than this order. *See Anschuetz,* 754 F.2d at 613.